**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SETH H. HARRIS, SR.,**

                **Plaintiff,**

    v.                                      CASE NO. 06-3203-SAC

**DUKE TERRELL, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff, a prisoner confined in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se on a <u>Bivens</u>[1] complaint. By an order dated August 2, 2006, the court directed plaintiff to show cause why the complaint should not be dismissed without prejudice based upon plaintiff's apparent failure to fully exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

In response, plaintiff acknowledges that his administrative appeal is still pending before the Central Office, and that an administrative response is not yet due within the time periods prescribed in the grievance procedure. To avoid dismissal of the complaint, plaintiff seeks additional time to obtain the Central Office response and thereby demonstrate his compliance with §

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

1997e(a).  The court denies this request.

Section 1997e(a) requires that a prisoner have fully exhausted administrative remedies prior to the filing of a complaint in federal court.  The failure to do cannot be cured by the pursuit of administrative remedies while the action is pending.  Instead, if the time for seeking administrative review has not expired, "a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit (in the event the administrative claim fails to afford him the desired relief)."  Steele v. Federal Bureau of Prisons, 355 F.2d 1204, 1213 (10th Cir. 2003)(*quoting* Snider v. Melindez, 199 F.3d 108, 111-12 (2d Cir. 1999)), *cert. denied* 543 U.S. 925 (2004).  *See also* Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1139 (10th Cir. 2005)(same).

Pursuant to this legal precedent, the court concludes the complaint should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is dismissed as moot.

**IT IS SO ORDERED.**

DATED:  This 17th day of August 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2